**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FENG YU, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 14-71898 Agency No. A200-791-385 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Feng Yu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Yu's testimony, and between her testimony, personal statement, and medical documents as to the 2006 pregnancy, as well as on the omission of that pregnancy from Yu's personal statement and direct testimony. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014) (adverse credibility finding is supported when despite given the opportunity, an applicant fails to clarify or explain inconsistent statements). Substantial evidence also supports the agency's finding that Yu's corroborative evidence did not otherwise establish her eligibility for relief. *See Garcia*, 749 F.3d at 791 (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Yu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Yu's asylum and withholding of

2                                                              14-71898

removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Yu's CAT claim also fails because it is based on the same testimony the agency found not credible, and Yu does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**